IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JELANI OGBONNA MCNAIR,**  Petitioner,  v.  **COMMONWEALTH OF PENNSYLVANIA, et al.,**  Respondents. | **CIVIL ACTION**  **NO. 22-cv-2234-KSM** |

# ORDER

**AND NOW**, this 8th day of August, 2023, upon careful and independent consideration of the petition for a writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Craig M. Straw, **IT IS ORDERED** that:

1. The Report and Recommendation is **APPROVED and ADOPTED**;[1][2]

2. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as to McNair's non-cognizable claims (claims one through five and eight) and **DISMISSED WITHOUT PREJUDICE** as to his unexhausted claims (claims six and seven);

3. There is no probable cause to issue a certificate of appealability; and

4. The Clerk of the Court shall mark this case closed for statistical purposes.

**IT IS SO ORDERED.**

---

[1] In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation." *Piasecki v. Ct. of Common Pleas*, No. 14-cv-7004, 2021 WL 1105338, at *3 (E.D. Pa. Mar. 23, 2021). Under that Rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections" within fourteen days of receipt of a copy thereof. *Id.*

[2] The Court recognizes that Petitioner was released from state custody on August 4, 2023. Docket, *Commonwealth v. McNair*, No. CP-51-CR-0007240-2021, at 10. Nevertheless, because Petitioner is subject to probation restrictions, he meets the "custody rule" under habeas jurisprudence and the Court must consider Petitioner's habeas claims. *Id.* at 4; *Jones v. Cunningham*, 371 U.S. 236, 241-42 (1963).

/s/ Karen Spencer Marston
_____
KAREN SPENCER MARSTON, J.